IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 19-cv-02478-LTB

CORNELIUS D. MAHONEY and BARBARA MORRIS, M.D.,

    Plaintiffs,

v.

CENTURA HEALTH CORPORATION, a Colorado non-profit corporation,

    Defendant.

___

Order
___

This case is before me on Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Request for Expedited Ruling [Doc # 8]. After considering the parties briefs, the case file, and the arguments presented at the hearing held on October 3, 2019, I grant the motion as follows.

### I. Plaintiffs' Complaint & Centura's Removal

By this action, Plaintiffs ask the Court to "[d]eclare that [Centura] may not lawfully prohibit Dr. Morris from, or sanction or penalize Dr. Morris for, providing [aid-in-dying ("AID")] related services to [Mr. Mahoney], including but not limited to, prescribing AID medication to [Mr. Mahoney] for use somewhere other than at a Centura facility." *See* Complaint.

As legal authority for the requested relief, Plaintiffs first cite the Colorado End-of-Life Options Act ("EOLOA"), C.R. S.§ 25-48-101, *et seq.* EOLOA provides that health care facilities may prohibit its employees or contractual physicians from writing prescriptions for AID medication when the individual intends to use the medication **on the facility's premises.** C.R.S. § 25-48-118(1). Centura's AID policy prohibits its employees from prescribing AID medication irrespective of where the

patient plans to take the medication and from participating in any stage of qualifying a patient to receive AID medication.  Plaintiffs argue that these policy provisions violate EOLOA because they are broader than the opt out allowed under EOLOA.

Plaintiffs also argue that Centura's AID policy violates C.R.S. § 25-3-103.7(3) which provides that health care facilities may not "... limit or otherwise exercise control over the physician's independent professional judgment concerning the practice of medicine or diagnosis or treatment or to require physicians to refer exclusively to the health care facility or to the health care facility's employed physicians."

Centura removed Plaintiffs' Complaint from state court on the basis of federal question jurisdiction.  Specifically, Centura argues that Plaintiffs' claims for declaratory relief present federal questions involving the First Amendment, Section 702 of the Civil Rights Act, and Supreme Court precedent on the issue of governmental interference with religion.

## II.  Plaintiffs' Motion to Remand

It is to be presumed that a cause of action lies outside the federal courts' limited jurisdiction, and the burden of establishing to the contrary rests with the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Amer.,* 511 U.S. 375, 377 (1994).  *See also Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982) ("all doubts are to be resolved against removal").

### A.  The Well-Pleaded Complaint Rule

Under the well-pleaded complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  *Felix v. Lucent Techs., Inc.,* 387 F.3d 1146, 1154 (10th Cir. 2004) (citation omitted).  "[A] federal defense, even one relying on the preclusive effect of a

federal statute" is not sufficient to confer federal question jurisdiction. *Id. See also John Doe (1) v. Archdiocese of Denver,* 413 F. Supp. 2d 1187, 1191 (D. Colo. 2006) ("It is now axiomatic that jurisdiction cannot be predicated upon a defense that raises a federal question, no matter that the issue might prove to be dispositive.")

Plaintiffs assert that their Complaint simply seeks a declaration that Centura's AID policy conflicts with EOLOA and C.R.S. § 25-3-103.7(3) and therefore arises entirely under Colorado law. Pursuant to the well-pleaded complaint rule then, Plaintiffs argue that Centura's defenses based on religious freedoms cannot convey federal jurisdiction on this court.

In response, Centura argues that by requesting a determination that the Court declare that Centura "may not lawfully prohibit Dr. Morris from, or penalize or sanction Dr. Morris for providing aid-in-dying ("AID") related services to [Mr. Mahoney]...," Plaintiffs' Complaint necessarily implicates federal issues of religious freedom. This argument, however, ignores the full context of Plaintiffs' Complaint. Viewed in its entirety, Plaintiffs' Complaint demonstrates that, regardless of the wording of their request for relief, Plaintiffs are seeking a determination that Centura's AID policy violates two Colorado statutes - EOLOA and C.R.S. § 25-3-103.7(3).

Centura also seeks to distinguish this case because it is a declaratory judgment action. Specifically, Centura cites *Cardtoons, L.C. v. Major League Baseball Players Assn.,* 95 F.3d 959 (10th Cir. 1996) where the Tenth Circuit held that the federal district court had federal question jurisdiction over the plaintiff's action to obtain a declaratory judgment that its parody trading cards did not infringe on the publicity rights of MLB players. In reaching this conclusion, the Tenth Circuit explained:

> In actions for declaratory judgment, ... the position of the parties is often reversed; the plaintiff asserts a defense to an anticipated action

> by the declaratory judgment defendant.  It is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction. ...  Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law.

*Id.* at 964 (citations omitted).  Here, it cannot be said that Plaintiffs filed this action in anticipation of an action against them by Centura, and the Tenth Circuit's analysis in *Cardtoons* is inapplicable.

Because no federal question is presented on the face of Plaintiffs' well-pleaded Complaint, this Court lacks federal question jurisdiction over Plaintiffs' claims unless an exception to the well-pleaded complaint rule is applicable.

### B.  Exceptions to Well-Pleaded Complaint Rule

There are two exceptions to the well-pleaded complaint rule.  These exceptions apply if  (1) Plaintiffs' state law claims are "completely pre-empted by federal law; or (2) "there is a substantial, disputed federal law issue necessarily embedded in [Plaintiffs] state-law claims."  *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.,* 693 F.3d 1195, 1203-4 (10th Cir. 2002).  Centura does not argue that Plaintiffs' claims are completely pre-empted by federal law, and I therefore need only consider whether there is a substantial question of federal law embedded in Plaintiff's Complaint.

The substantial question exception to the well-pleaded complaint rule is "exceedingly narrow," *Gilmore v. Weatherford,* 694 F.3d 1160, 1171 (10th Cir. 2012) (citation omitted), and requires that Centura satisfy the four-factor test established by *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005).  Under *Grable*, federal jurisdiction over Plaintiffs' claims will lie if these claims involve a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton,* 568 U.S. 251, 258

(2013).

### 1. Necessarily Raised

This factor requires analysis of whether the federal issue is an "essential element" of Plaintiff's well-pleaded claims. *Gilmore*, 694 F.3d at 1173. A federal issue is "essential" where the plaintiff cannot plead a facially viable claim without invoking it. *New York v. Shinnecock Indian Nation,* 701 F.3d 101, 108 (2d. Cir. 2012). Plaintiffs' claims are facially viable even if federal constitutional, statutory, and case law need to be analyzed based on defenses raised by Centura. Plaintiffs' Complaint therefore does not necessarily raise an issue of federal law.

### 2. Actually Disputed

Plaintiffs plainly do not concede that Centura has valid defenses based on federal law so there are disputed issues of federal law that weigh in favor of federal jurisdiction.

### 3. Substantial

For this factor to apply, "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. Rather, this factor "looks instead to the importance of the issue to the federal system as a whole." *Id.* The freedom of religion issues that will arise in this case will undoubtedly have significance beyond this specific case. However, when a case "involves substantial questions of state as well as federal law, this factor weighs against asserting federal jurisdiction." *Gilmore,* 694 F.3d at 1175. That is the case here, and federal jurisdiction is therefore not supported based on substantiality.

### 4. Capable of Resolution in Federal Court Without Disrupting Federal-State Balance

Because there are substantial questions of both federal and state law in this case, federal court jurisdiction would not disrupt the federal-state balance. For "substantial question" jurisdiction to attach, however, all four *Grable* factors must

-5-

be resolved in favor of federal court jurisdiction.

Because Plaintiffs' Complaint does not necessarily raise issues of federal law and because there are substantial issues of state, as well as federal law, at issue in this case, all of the *Grable* factors have not been met. Centura therefore cannot invoke the substantial question exception to the well-pleaded complaint rule to establish federal question jurisdiction in this case.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Request for Expedited Ruling [Doc # 8] is GRANTED.

Dated: October 4, 2019 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE